IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LEILANI HOPE RICKERT, | CV 21-102-BLG-SPW |
| Debtor/Appellant, | |
| | ORDER |
| vs. | |
| ROBERT G. DRUMMOND, | |
| Trustee/Appellee. | |

Before the Court is Trustee/Appellee Robert Drummond's Motion to Dismiss, filed October 28, 2021. (Doc. 4). Debtor/Appellant Leilani Hope Rickert responded to the Motion on November 12, 2021. (Doc. 10). Drummond replied on December 6, 2021. (Doc. 11). The motion is ripe and ready for adjudication. For the following reasons, the Court grants Drummond's Motion.

Drummond asserts this Court lacks jurisdiction to hear Rickert's appeal because Rickert failed to timely file her appeal and this Court must dismiss the case. Federal Rule of Bankruptcy Procedure 8002(a) requires appellants to file their notice of appeal "within 14 days after the entry of the judgment, order, or decree being appealed."

Rickert filed her bankruptcy petition on July 7, 2021. The Bankruptcy Court dismissed the petition with prejudice on September 21, 2021. Rickert filed her

1

notice of appeal with this Court on October 6, 2021, specifically identifying the Bankruptcy Court's September 21 order as the subject of her appeal.

Drummond argues that Rickert's notice of appeal was untimely because it was filed 15 days after the Bankruptcy Court's September 21 order. Rickert does not contest that she filed her notice of appeal on October 6, but she argues that her filing was timely because the appeals clock does not begin until the day after the Bankruptcy Court's order was entered. Rickert further asserts that, even if her filing was untimely, the Court should construe her filing liberally due to her status as a *pro se* litigant and consider her untimely filing as excusable neglect.

First, as Drummond points out, F.R.B.P. 9006 controls how timelines are calculated under the Federal Rules of Bankruptcy. The Rule states "[w]hen the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." F.R.B.P. 9006(a)(1). Rickert argues that the clock does not begin until the day after the Bankruptcy Court's order—September 22, 2021—which is a correct interpretation of the Rule. However, fourteen days from September 22, 2021 is October 5, 2021

2

not October 6 as Rickert asserts. Therefore, Rickert's October 6 notice was untimely.

Second, although Rickert is a *pro se* litigant, her vast experience with litigating matters, including bankruptcy cases, precludes the Court from liberally construing Rickert's filing as excusable neglect. Drummond lists twelve cases that Rickert has previously litigated or been involved with. Three of these cases were in front of a Bankruptcy Court, two were appeals to the Bankruptcy Appellate Panel, and two others were appeals to the U.S. District Court. (Doc. 11 at 7-8). This experience is evidence that Rickert is familiar with the Federal Rules of Bankruptcy Procedure and understands how to comply with the timeline to file an appeal. Rickert asserts her error was excusable neglect because she "was under the understanding and impression that she did file the appeal in a timely manner and in good faith." (Doc. 10 at 5). Given the evidence presented by Drummond, the Court finds this explanation insufficient to qualify as excusable neglect. *See Pioneer Investment Services Co. v. Brunswick Ltd. Partnership*, 507 U.S. 380, 395 (1993) (discussing the factors a court should examine to find excusable neglect including the prejudice to the debtor, the length of delay, the reason for the delay, and whether the delay was due to factors within the debtor's control and the debtor's good faith). Accordingly,

IT IS ORDERED that Trustee Robert Drummond's Motion to Dismiss (Doc. 4) is GRANTED.

IT IS FURTHER ORDERED that Debtor Leilani Hope Rickert's Notice of Appeal is DISMISSED for lack of jurisdiction.

The Clerk of Court is ordered to notify the parties of the making of this order and close the case.

DATED this 7th day of December, 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge